UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 15-20565-CR-WILLIAMS

UNITED STATES OF AMERICA

vs.

CHRISTOPHER J. BORGO,

      **Defendant.**
_____/

## PLEA AGREEMENT

The United States Attorney's Office for the Southern District of Florida ("this Office") and Christopher J. Borgo (hereinafter referred to as the "defendant") enter into the following agreement:

1.    The defendant agrees to plead guilty to Count 1 of the Indictment, which charges the defendant with Conspiracy to Commit Wire and Mail Fraud, in violation of Title 18, United States Code, Section 1349.

2.    The defendant is aware that the sentence will be imposed by the Court after considering the advisory Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines"). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a pre-sentence investigation by the Court's probation office, which investigation will commence after the guilty plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the advisory sentencing guideline range that it has computed, and may raise or lower that advisory

sentence under the Sentencing Guidelines. The defendant is further aware and understands that the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, but is not bound to impose a sentence within that advisory range; the Court is permitted to tailor the ultimate sentence in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory range. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The defendant understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to 20 years, followed by a term of supervised release of up to 5 years. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000 or not more than the greater of twice the gross gains or gross loss resulting from the offense. See 18 U.S.C. § 3571(d).

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100 will be imposed on the defendant. The defendant agrees that any special assessment imposed shall be paid at the time of sentencing. If a defendant is financially unable to pay the special assessment, the defendant agrees to present evidence to this Office and the Court at the time of sentencing as to the reasons for the defendant's failure to pay.

5. This Office reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the

defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. This Office agrees that it will recommend at sentencing that the Court reduce by two levels the sentencing guideline level applicable to the defendant's offense, pursuant to Section 3E1.1(a) of the Sentencing Guidelines, based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. If at the time of sentencing the defendant's offense level is determined to be 16 or greater, this Office will file a motion requesting an additional one level decrease pursuant to Section 3E1.1(b) of the Sentencing Guidelines, stating that the defendant has assisted authorities in the investigation or prosecution of the defendant's own misconduct by timely notifying authorities of the defendant's intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate their resources efficiently. This Office further agrees to recommend that the defendant be sentenced at the low end of the guideline range, as that range is determined by the Court. This Office, however, will not be required to make this motion and these recommendations if the defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering into this plea agreement; or (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. This Office and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

| | |
|---|---|
| Base offense level: | The base offense level is 7 under Guideline 2B1.1; |
| Loss: | More than $40,000 but less than $95,000, per 2B1.1(b)(1)(D), adding 6 levels; and |
| Victims: | Involved more than 10 victims, per 2B1.1(b)(2)(A), adding 2 levels. |

8. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, this Office, or the probation office, is a prediction, not a promise, and is not binding on this Office, the probation office or the Court. The defendant understands further that any recommendation that this Office makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 3 above, that the defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, this Office, or a recommendation made jointly by the defendant and this Office.

## Immigration Status

9. The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status, if the defendant is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, and, in some cases, removal is presumptively mandatory. Removal and other immigration consequences are the subject of a

separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. In addition, the defendant's plea might have consequences with respect to whether the defendant is committed civilly. The defendant nevertheless affirms the desire to plead guilty regardless of any immigration or civil commitment consequences that the plea may entail, even if the consequence is automatic removal from the United States or civil commitment. The defendant is aware that the sentence has not yet been determined by the Court.

10. The defendant agrees that he shall cooperate fully with this Office by: (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other Court proceeding; (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office; and (c) if requested by this Office, working in an undercover role under the supervision of, and in compliance with, law enforcement officers and agents. In addition, the defendant agrees that he will not protect any person or entity through false information or omission, that he will not falsely implicate any person or entity, and that he that he will not commit any further crimes.

11. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make that cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentencing range calculated under the Sentencing Guidelines and/or any applicable minimum mandatory sentence, this Office may make

a motion prior to sentencing pursuant to Section 5K1.1 of the Sentencing Guidelines and/or Title 18, United States Code, Section 3553(e), or subsequent to sentencing pursuant to Rule 35 of the Federal Rules of Criminal Procedure, informing the Court that the defendant has provided substantial assistance and recommending that the defendant's sentence be reduced. The defendant understands and agrees, however, that nothing in this agreement requires this Office to file any such motions, and that this Office's assessment of the quality and significance of the defendant's cooperation shall be binding as it relates to the appropriateness of this Office's filing or non-filing of a motion to reduce sentence.

12. The defendant understands and acknowledges that the Court is under no obligation to grant a motion for reduction of sentence filed by this Office. In addition, the defendant further understands and acknowledges that the Court is under no obligation of any type to reduce the defendant's sentence because of the defendant's cooperation.

### Forfeiture

13. The defendant agrees to forfeit to the United States, voluntarily and immediately, all right, title and interest to any property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the commission of the conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(7). The defendant specifically agrees to the entry of a forfeiture money judgment in a sum that is to be determined, joint and several with the codefendants in this case, which sum represents proceeds traceable to the commission of the offense of conviction.

14. The defendant also agrees to assist this Office in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in all assets, including real and personal property, cash

and other monetary instruments, wherever located, which the defendant or others to the defendant=s knowledge have accumulated as a result of illegal activities.  Such assistance shall include the identification of all assets subject to forfeiture, whether directly subject to forfeiture or as substitute assets, and the transfer of such assets to the United States, by delivery upon request, of all necessary and appropriate documentation with respect to the assets, including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to said property and assets.  Additionally, the defendant agrees to the entry of an order enjoining the transfer or encumbrance of assets that may be identified as being subject to forfeiture. The defendant knowingly and voluntarily agrees that she shall not oppose the United States in its motion for entry of a Preliminary Order of Forfeiture regarding the Forfeitable Property, which the United States shall make upon acceptance of the defendant's plea of guilty in accordance with this Plea Agreement.

15.    The defendant knowingly and voluntarily agrees to waive any claim or defense under the Eighth Amendment to the United States Constitution, including any claim of excessive fine or penalty with respect to the forfeited property.   In addition, the defendant agrees to waive any applicable time limits for the initiation of administrative forfeiture and/or further notification of any judicial or administrative forfeiture proceedings brought against said property.  The defendant also agrees to waive any appeal for the forfeiture.

### Restitution

16.    The defendant understands and acknowledges that the Court must order restitution for the full amount of the victim's losses pursuant to 18 U.S.C. §3663A.   Defendant understands that the amount of restitution owed to each victim will be determined at or before sentencing unless the Court orders otherwise.

17.  Defendant agrees to make full and accurate disclosure of his financial affairs to this Office and the probation office.  Specifically, defendant agrees that, within 15 calendar days of the signing of this Plea Agreement, defendant shall submit a completed Financial Disclosure Statement (form provided by this Office), and shall fully disclose and identify all assets in which he has any interest and/or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party.  Defendant agrees to provide, in a timely manner, all financial information requested by this Office and the probation office, and upon request, to meet in person to identify assets/monies which can be used to satisfy the restitution and forfeiture ordered or imposed.   In addition, defendant expressly authorizes this Office to obtain the defendant's current credit report.

18.  Defendant agrees to cooperate fully in the investigation and the identification of assets to be applied toward any restitution, forfeiture ordered and fine imposed.

19.  Defendant agrees that providing false or incomplete information about his financial assets; hiding, selling, transferring or devaluing assets; and/or failing to cooperate fully in the investigation and identification of assets may be used by this Office as a basis for recommending a denial of a reduction for acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1, and also may be used in making any recommendation regarding the sentence to be imposed by the Court.  In addition, this conduct may form the basis for separate charges against the defendant, including, but not limited to, charges under 18 U.S.C. § 1001.

20.  **Standard Waiver:** The defendant is aware that Title 18, United States Code, Section 3742 and Title 28, United States Code, Section 1291 afford the defendant the right to appeal the sentence imposed in this case.  Acknowledging this, in exchange for the undertakings

made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Sections 3742 and 1291 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or an upward variance from the advisory guideline range that the Court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b) and Title 28, United States Code, Section 1291. However, if the United States appeals the defendant's sentence pursuant to Sections 3742(b) and 1291, the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that the defendant has discussed the appeal waiver set forth in this agreement with the defendant's attorney.

21. The defendant confirms that the defendant is guilty of the offense to which the defendant is pleading guilty; that the defendant's decision to plead guilty is the decision that the defendant has made; and that nobody has forced, threatened, or coerced the defendant into pleading guilty. The defendant accordingly affirms that the defendant is entering into this agreement knowingly, voluntarily, and intelligently, and with the benefit of full, complete, and effective assistance by the defendant's attorney.

22. The defendant agrees to having consulted with the defendant's attorney and fully understands all rights with respect to the pending charges. Further, the defendant was advised and fully understands all rights with respect to the provisions of the Sentencing Guidelines which may apply in this case. The defendant understands the constitutional rights associated with going to trial, including the right to be represented by counsel, the right to plead not guilty, the right to trial by jury, the right to confront and cross-examine adverse witnesses, the right to be protected

from compelled self-incrimination, the right to testify and present evidence, and the right to compel the attendance of witnesses. By signing below, the defendant attests to having read this agreement, carefully reviewed every part of it with the defendant's attorney, and to being satisfied with the advice and representation of the defendant's attorney regarding the decision to enter into the agreement. The defendant voluntarily agrees to be bound by every term and condition set forth herein. The defendant affirms that the defendant has discussed this matter thoroughly with the defendant's attorney. The defendant further affirms that the defendant's discussions with defense counsel have included discussion of possible defenses that the defendant might raise if the case were to go to trial, as well as possible issues and arguments that the defendant may raise at sentencing. The defendant additionally affirms that the defendant is satisfied with the representation provided defense counsel.

23. The defendant confirms that the defendant has read this plea agreement, or that this plea agreement has been read to the defendant. If the defendant does not understand English, the defendant confirms that this plea agreement has been translated into the defendant's native language and that the defendant has read this plea agreement, or that this plea agreement has been read to the defendant in the defendant's native language.

24. This is the entire agreement and understanding between this Office and the defendant. There are no other agreements, promises, representations, or understandings.

WILFREDO A. FERRER
UNITED STATES ATTORNEY

Date: 1/20/16        By: _____
                         Roger Cruz
                         Assistant U.S. Attorney

                         Kevin B. Hart
                         Special Assistant U.S. Attorney

Date: 1/20/16        By: _____
                         Flynn Bertisch, Esq.
                         Attorney for Defendant

Date: 1/21/16        By: _____
                         Christopher J. Borgo
                         Defendant