UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.: 15-20565-CR-WILLIAMS

UNITED STATES OF AMERICA,

v.

CHRISTOPHER J. BORGO,

    **Defendant.**
_____/

## FACTUAL PROFFER

Had this case proceeded to trial, the parties agree that the Government would have proven the following facts beyond a reasonable doubt. The parties agree that these facts, which do not include all facts known to the Government and Defendant Christopher J. Borgo are sufficient to prove the guilt of the Defendant as to Count 1 of the above-referenced Indictment.

From some time between July 2010 and November 2012, in the Southern District of Florida and elsewhere, Christopher J. Borgo conspired with others to defraud investors, by means of materially false and fraudulent pretenses, as well as material omissions, to knowingly devise a scheme and artifice to defraud and to obtain money and property through the delivery of certain mail matter, in violation of Title 18, United States Code, Section 1349.

During the course of the conspiracy, the Defendant was a sales agent for DDBO Consulting, DBBG Consulting, and Advanced Equity Partners, Florida entities that did business in Miami-Dade County, and elsewhere, purportedly selling shares of stock relating to Thought Development, Inc. ("TDI"). TDI developed a portfolio of products and inventions, including a "First Down Laser System" technology designed to mark first downs in football games, including NFL games. TDI claimed that its laser system generated a green line on the field visible in the stadium to players, fans and on television. TDI represented that use of its technology would decrease the time used by officials to determine first downs, freeing broadcast time that could be sold to television advertisers. Co-conspirators Peter Kirschner and Dean R. Baker hired the Defendant to solicit potential investors to purchase TDI stock.

To sell TDI stock, The Defendant told investors about a purported pending initial public offering ("IPO") of TDI stock, as well as the laser technology's use in the NFL. Specifically, the Defendant and his co-conspirators told investors that the company would "shortly go public" and that the laser technology would be used in the Super Bowl. He and others falsely told investors the proceeds of their investments would go directly to TDI to develop the First Down Laser System technology, capitalize the company, and fund operations until its pending public offering. The defendant and his co-conspirators used investor money to pay substantial commissions and fees to themselves, co-conspirators, and sales agents.

To induce investors to provide the defendant and his co-conspirators money, sales agents made numerous false statements, and concealed and omitted to state, material facts to investors, including, among others things, (1) That TDI was about to go public; (2) That investor proceeds would be used to develop TDI's technology and to fund a purported IPO of TDI stock; and (3) That TDI's First Down Laser System technology would be used during NFL preseason and regular season games, that the NFL had agreed to use TDI's technology during the NFL's training season and during the 2013 Super Bowl, and that based on the technology, the NFL and TDI were splitting advertising revenues. Investors were also told that no commissions or fees would be charged or that only 10 percent of investor funds went to fees and commissions. The defendant and his co-conspirators knew or should have known that such misstatements were being made and that the statements were, in fact, false.

From in or around March 2013 to in or around August 2013, this Defendant also participated in a similar and related fraud scheme involving the sale of Virgin Gaming, in which he and others defrauded investors in the purchase and sale of Virgin Gaming stock through materially false statements, such as: that no commissions or fees would be charged to investors, that an IPO would occur within three to twelve months, and that that investors had purchased shares of Virgin Gaming stock.

Over the course of these schemes, this Defendant and his co-conspirators, directly and through other sales agents, falsely and fraudulently caused over 10 individuals to purchase TDI and Virgin Gaming stock or caused substantial hardship to one or more investors. Based on this misconduct, the parties agree that the Defendant's loss amount is more than $40,000 and less than $95,000.

Date: 1/20/16

By: _____
Roger Cruz
Assistant United States Attorney

Date: 1/20/16

By: _____
Flynn Bertisch, Esq.
Attorney for Christopher J. Borgo

Date: 1/20/16

By: _____
Christopher J. Borgo
Defendant

2