# UNITED STATES DISTRICT COURT
## Southern District of Florida
### Miami Division

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | |
| CHRISTOPHER J. BORGO | Case Number: **113C 1:15-20565-CR-WILLIAMS-02** |
| | USM Number: **08595-104** |
| | |
| | Counsel For Defendant: **Flynn Bertisch, Esq.,** |
| | Counsel For The United States: **Roger Cruz, AUSA** |
| | Court Reporter: **Patricia Sanders** |

**The defendant pleaded guilty to count(s) One of a Nine-Count Indictment.**

The defendant is adjudicated guilty of these offenses:

| TITLE & SECTION | NATURE OF OFFENSE | OFFENSE ENDED | COUNT |
|---|---|---|---|
| 18 U.S.C. § 1349 | Conspiracy to commit wire fraud and mail fraud. | 11/30/2012 | 1 |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**All remaining counts are dismissed on the motion of the government.**

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Date of Imposition of Sentence: **5/23/2016**

_____
Kathleen M. Williams
United States District Judge

Date: 6/14/16

USDC FLSD 245B (Rev. 09/08) - Judgment in a Criminal Case                                                              Page 2 of 7

DEFENDANT: **CHRISTOPHER J. BORGO**
CASE NUMBER: **113C 1:15-20565-CR-WILLIAMS-02**

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of **(9) Months as to Count 1 of the Indictment.**

**The court makes the following recommendations to the Bureau of Prisons: that the Defendant be designated to a Camp or Medical facility in light of his two recent hip replacements.**

**The Defendant shall surrender to the designated facility and/or the US Marshal for this District on or before 8/24/2016 at 12:00 noon.**

## RETURN

I have executed this judgment as follows:

_____
_____
_____
_____
_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

_____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **CHRISTOPHER J. BORGO**
CASE NUMBER: **113C 1:15-20565-CR-WILLIAMS-02**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of **(3) Years as to Count 1 of the Indictment and with the following special conditions imposed.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

**The defendant shall cooperate in the collection of DNA as directed by the probation officer.**

**The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon.**

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. The defendant shall not leave the judicial district without the permission of the court or probation officer;
2. The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first fifteen days of each month;
3. The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. The defendant shall support his or her dependents and meet other family responsibilities;
5. The defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7. The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. The defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10. The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11. The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12. The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13. As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

DEFENDANT: **CHRISTOPHER J. BORGO**
CASE NUMBER: **113C 1:15-20565-CR-WILLIAMS-02**

## SPECIAL CONDITIONS OF SUPERVISION

**Employment Solicitation Restriction:**

The Defendant shall not be engaged in any business that offers securities, investments, or business opportunities to the public. The Defendant is further prohibited from engaging in telemarketing, direct mail, or national advertising campaigns for business purposes without the permission of the Court.

**Financial Disclosure Requirement**:

The Defendant shall provide complete access to financial information, including disclosure of all business and personal finances, to the U.S. Probation Officer.

**No New Debt Restriction:**

The Defendant shall not apply for, solicit or incur any further debt, included but not limited to loans, lines of credit or credit card charges, either as a principal or cosigner, as an individual or through any corporate entity, without first obtaining permission from the United States Probation Officer.

**Permissible Search:**

The Defendant shall submit to a search of his person or property conducted in a reasonable manner and at a reasonable time by the U.S. Probation Officer.

**Related Concern Restriction:**

The Defendant shall not own, operate, act as a consultant, be employed in, or participate in any manner, in any stock-broker or dealer related concern during the period of supervision.

**Self-Employment Restriction:**

The defendant shall obtain prior written approval from the Court before entering into any self-employment.

DEFENDANT: **CHRISTOPHER J. BORGO**
CASE NUMBER: **113C 1:15-20565-CR-WILLIAMS-02**

## CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|        | Assessment | Fine    | Restitution  |
|--------|------------|---------|--------------|
| TOTALS | $100.00    | $0.00   | $135,000.00  |

**If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.**

**The Defendant shall pay restitution in the amount of $135,000.00 to be equally divided amongst the following victims:**

| NAME OF PAYEES: | | | TOTAL LOSS | RESTITUTION ORDERED | PRIORITY OR PERCENTAGE |
|---|---|---|---|---|---|
| Clark Boget | Irving Rosenblum | Richard Billman | | | |
| Edward Pagan | Carl Arend | Charles Bumstead | | | |
| William Edwards | Patrick McLarney | Robert Ashton | | | |
| Al Bobbet | Doug Bush | Gary Gilbert | | | |
| Isandra Davidson | Dallas Degenhardt | Fred Portnony | | | |
| Derek & Debra Soliday | John Hunt | Frederick Popper | | | |
| Philip C. Hopkins | Dwight Peters | Joe R. Marus | | | |
| Jay MacKenzie | Eric Mailly | Walter Dekock | | | |
| William L. Guinta | Henry Soenneker | Arlington Williams | | | |
| Thomas E. Pelnarsch | Charles Mingle | Thomas Lyon | | | |
| Dean A. Pigman | James Swanson | Robert Fowler | | | |
| Joseph M. Finley | Robert W. Mehlhouse | Eric Jackson | | | |
| William F. Counter | Weymouth Molyneaux | Roy Griffin | | | |
| Robert W. Graybill | Dr. Thomas R. Arnette | Veron McMath | | | |
| Donald P. Flynn | Thomas E. Pelnarsch | Sidney DuMont | | | |
| Anthony H. Roe | John Erler | Decino Dacumos | | | |
| Duane Engelsgaard | James Mooney | David Jentzsch | | | |
| Thomas Westmoreland | Mark Thorsen | Robert Marshall | | | |
| George Quesada | Adrian Simm | John G. Bunce | | | |
| Jim Rayburn | William Simm | Gerald Levitt | | | |
| Charles Pullman | Leo Baileaux | Joseph Yee | | | |
| Sigvard Stene | John Anderson | Gary Volkmer | | | |
| David & Marie Gilson | William Willis | Mark Tiensvold | | | |
| David Paul | Paul Patelunas(Trust) | Jyehsu Brian Lee | | | |
| Joseph Hussey | Sigvard Stene | Philip G. Meng | | | |
| Michael Metersky | Edward Bollinger | Dennis Lazuta | | | |
| Robert Cox | Norman Svelund | Thomas Davidson | | | |
| Gary Sink | Curtis Rauvola | Chris Cronje | | | |
| Veron McMath | Marlin Moe | FNU Swantz | | | |
| Eric Seidel | Wanda M. Cagliari (Trust) | Richard Schweim | | | |
| Robert Brown | Darlene Weiser Rev. Trust | Jay Hauer | | | |
| | Heidi Stone & Lenard Bienkowski | | | | |

| **NAME OF PAYEE** | | | **TOTAL LOSS*** | **RESTITUTION ORDERED** | **PRIORITY OR PERCENTAGE** |
|---|---|---|---|---|---|
| Francis Bacon | Dr. Daren Reichenbach | Roger Wells | | | |
| Victor Hamm | Masuen Family Rev. Trust | Robert Taft | | | |
| Kenneth & Susan Riepe | Stephanie Chamow | Anthony H. Roe | | | |
| Bill Leach | Dale C. Hartman (Family Trust) | | | | |
| Art Pruitt | Gary R. & Ada Mae Gerard | | | | |
| Robert E. Beauregard | Scott Hellman & Lindsay Chamow | | | | |
| Jack Locke | Larry Chamow (Family Trust) | | | | |
| Harry Patterson | Gary & Rhonda Gilbert | | | | |
| David Akers | Richard Chamow (Family Trust) | | | | |
| Alexis Chamow | Richard of Herman Chamow & Chamow | | | | |
| William J. Willis | Gary FBO Allison Kulvar Volkmer | | | | |
| Robert Beton | Gary FBO Amanda Busch Volkmer | | | | |
| Carole Alley | Gary FBO Tricia Volkmer Volkmer | | | | |
| Vernon McAllister | Gary FBO Ashley Connor Volkmer | | | | |
| Dennis Lazuta | Robert & Marilyn Douds | | | | |
| Dan Williams | Wanda M. Cagliari (Trust) | | | | |
| Hugh Arnold | Thomas Davidson (Trust) | | | | |
| Ward T. Smith MD PC | Duane Lewis | | | | |
| Robert Taft (Family Trust) | Eric Siekkinen | | | | |
| Frank Lopreste | Steven & Carol Jones | | | | |
| Dan Volkman | Jeffrey Watson | | | | |
| Thomas Gioseffi | Vincent Neville | | | | |
| William F. Counter | Kenneth Fil | | | | |
| Edgar Van Cleve | Frank Lee Aidnik | | | | |
| Anthony Deutmeyer | Bill Bainbridge | | | | |
| | Richard Feare | | | | |
| Eric Siekkinen | Peachy Thomas | | | | |
| Marshal Gunder | Victor Hamm | | | | |
| Frank & Anise Aidnik | Alex Loan | | | | |
| David Herman & Richardddd Chamow of Richard of the Herman & Chamow CPA | Charles Pullman Henry Soenneker | | | | |
| Duane Scepaniak | Steve Collins | | | | |
| Jerry Broadway | John Schweres | | | | |
| Bruce Smith | Norman Svelund | | | | |
| Clayton Thompson | David Fain | | | | |
| James Willett | David Tyrell | | | | |
| Charlie Davis | Leonard Bienkowski | | | | |
| Howard Pippin | Dean & Janice Pigman | | | | |
| Philip Kryk | Deceno Dacumos | | | | |
| Ronald Cron | Joe Marcus | | | | |
| Thomas Buckner (Trust) | Susan Carpenter | | | | |
| Dan Kuska | Nelson Van Raymond | | | | |
| Michael A. Whitelaw | Edward Bollinger Rev. Trust | | | | |
| Gary & Rhonda Gilbert | Steve Jones | | | | |
| Brian McAndrew | Veron McMath | | | | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: **CHRISTOPHER J. BORGO**
CASE NUMBER: **113C 1:15-20565-CR-WILLIAMS-02**

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

**A. Lump sum payment of $100.00 due immediately.**

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

## RESTITUTION REQUIREMENT

During the period of incarceration, payment shall be made as follows: (1) if the Defendant earns wages in a federal Prison Industries (UNICOR) job, then the Defendant must pay 50% of wages earned towards the financial obligation imposed by the Judgment in a Criminal Case; (2) if the Defendant does not work in a UNICOR Job, then the Defendant must pay a minimum of $25.00 per quarter toward the financial obligations imposed in this order.
Upon release from incarceration, the Defendant shall pay restitution at the rate of 10% of monthly gross earnings, until such time as the Court may alter that payment scheduled in the interests of justice.
The U.S. Bureau of Prisons, U.S. Probation Office and U.S. Attorney's Office shall monitor the payment of restitution and report to the Court any material change in the Defendant's ability to pay. These payments do not preclude the government from using any other anticipated or unexpected financial gains, assets or income of the Defendant to satisfy the restitution obligations.

The assessment/fine/restitution is payable to the CLERK, UNITED STATES COURTS and is to be addressed to:

**U.S. CLERK'S OFFICE**
**ATTN: FINANCIAL SECTION**
**400 NORTH MIAMI AVENUE, ROOM 08N09**
**MIAMI, FLORIDA 33128-7716**

The assessment/fine/restitution is payable immediately. The U.S. Bureau of Prisons, U.S. Probation Office and the U.S. Attorney's Office are responsible for the enforcement of this order.

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

| CASE NUMBER DEFENDANT AND CO-DEFENDANT NAMES (INCLUDING DEFENDANT NUMBER) | TOTAL AMOUNT | JOINT AND SEVERAL AMOUNT |
|---|---|---|
| | | |

**The Government shall file a preliminary order of forfeiture within 3 days.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.